UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

ATLANTIC ENGINEERING GROUP, INC., )
                                   )
        Plaintiff,                 )
                                   )
    v.                             ) Case No. 2:13CV52 HEA
                                   )
RALLS COUNTY ELECTRIC COOPERATIVE, )
                                   )
        Defendant.                 )

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Toth and Associates, Inc.'s Motion to Quash, [Doc. No. 94], Plaintiff's Motion to Dismiss Count II of the Second Amended Counterclaim, [Doc. NO. 108], Defendant's Motion for Summary Judgment, [Doc. No. 112], Plaintiff's Motion for Summary Judgment on Count II of Defendant's Counterclaim, [Doc. No. 122], Counter Defendant First National Insurance Company of America's Motion for Summary Judgment, [Doc. No. 127], and Plaintiff's Motion for Summary Judgment on Count I of the Complaint and Count I of the Counterclaim, [Doc. No. 129].

The Court is advised that the Motion to Quash has been resolved by the parties. The motion is therefore denied, as moot.

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the

claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949,(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, "although a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment may be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The standards for summary judgment are also well settled. In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Employers Mut. Cas. Co. v. Wendland & Utz,* Ltd, 351 F.3d 890 (8th Cir. 2003); *Enter. Bank v. Magna Bank* 92 F.3d 743, 747 (8th Cir. 1996). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56©; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enter. Bank*, 92 F.3d at 747. Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity*

*Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The Court will review the facts in this case with these standards in mind.

The court has reviewed the record before it. Based on the entire record, summary judgment in favor of any of the parties is not appropriate. Considering all of the facts, together with inferences to be drawn therefrom, it appears that genuine issues of material fact remain. Summary judgment is therefore, not appropriate at this time. Likewise, Defendant's Count II sufficiently alleges a cause of action. Accordingly, the Motions for Summary Judgment and the Motion to Dismiss Count II are denied.

Accordingly,

**IT IS HEREBY ORDERED** that Toth and Associates, Inc.'s Motion to Quash, [Doc. No. 94], is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Count II of the Second Amended Counterclaim, [Doc. NO. 108], is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 112], is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment on Count II of Defendant's Counterclaim, [Doc. No. 122], is DENIED.

**IT IS FURTHER ORDERED** that Counter Defendant First National Insurance Company of America's Motion for Summary Judgment, [Doc. No. 127],is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment on Count I of the Complaint and Count I of the Counterclaim, [Doc. No. 129], is DENIED.

Dated this 17th day of June, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE